UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK CARMEL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00726 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1].

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On June 1, 2006, a federal grand jury returned a seven-count indictment against Movant Mark Carmel ("Movant") and his co-defendant. Count I of the indictment alleged that Movant – a previously-convicted felon – possessed rounds of nine-millimeter ammunition, in violation of 18 U.S.C. § 922(g)(1). Count II asserted that Movant possessed cocaine base, in violation of 21 U.S.C. § 844(a), and Count III that Movant possessed that cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Count IV alleged that Movant violated 18 U.S.C. § 924(c)(1) by possessing a firearm in furtherance of a drug trafficking crime.

Movant and the Government ultimately entered into a plea agreement, under which Movant agreed to plead guilty to Count I of the indictment, in exchange for which the Government agreed to dismiss the remaining three counts. The parties recommended the application of the 2005 version of the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"). The parties agreed to a 120-month sentence, and calculated such a sentence under the Guidelines based on a base offense level of 24, with a four-level increase pursuant to U.S.S.G.

2K2.1(b)(5) because Movant possessed cocaine base in close proximity to the nine-millimeter ammunition at issue in Count I.

At the sentencing hearing, Movant's counsel noted that 2K2.1(b)(5) might not apply because Movant possessed only trace amounts of cocaine base, which would have been a misdemeanor rather than a felony as required for application of 2K2.1(b)(5). Movant's counsel explained, however, that even if that were the case, the agreement remained favorable to Movant because the Government agreed to dismiss the other three counts in the indictment. The Government confirmed that if Movant had not accepted the 120-month sentence, it would not have agreed to dismiss the additional counts. Counsel for the Government also noted that the trace amounts of cocaine base were accompanied by certain indicia of distribution, such that Movant's possession could be characterized as a felony under state law. Movant's counsel acknowledged that had the matter gone to trial on all four counts charged in the indictment, Movant would have been exposed to at least a twenty-year prison sentence. This Court then sentenced Movant to the agreed-upon 120 months imprisonment, followed by two years of supervised release.

## II. STANDARD OF REVIEW

A federal prisoner who seeks relief from a sentence under 28 U.S.C. § 2255 on the ground that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief under § 2255, Movant must allege a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States*

*v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion "unless a petitioner can demonstrate (1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

An ineffective assistance of counsel claim – such as that brought by Movant – may be raised for the first time in a § 2255 motion regardless of whether it could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim." *Id*. Furthermore, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would claim his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003). As such, "[a]bsent unusual circumstances, a showing of ineffective assistance of counsel satisfies" the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

If a movant is not procedurally barred from making a § 2255 motion, the Court must hold an evidentiary hearing to consider the claims made therein "'[u]nless the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief.'" 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). Thus, a movant is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). A court may dismiss a claim without an evidentiary hearing, in contrast, "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)).

### III. DISCUSSION

#### A. *Ineffective Assistance of Counsel*

The Court notes at the outset that Movant is procedurally able to bring this Motion, at least to the extent he argues that his counsel's performance violated his Sixth Amendment right to counsel. The Government has not argued that any "unusual circumstances" warrant a departure from the general rule that a claim of ineffective assistance of counsel satisfies the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). The Court therefore turns to the substance of Movant's arguments.

Movant contends that he received ineffective assistance because his counsel did not object to application of U.S.S.G. 2K2.1(b)(5), providing for a four-level enhancement where "the defendant used or possessed any firearm or ammunition in connection with another felony offense," in light of the November 1, 2006 Amendment. That Amendment, which took effect approximately one month prior to Movant's sentencing, added Application Note 14(A), explaining that "in connection with" means that "the firearm or ammunition facilitated, or had the

4

potential of facilitating, another felony offense." Thus, Movant argues that counsel was ineffective in failing to object to use of the 2005 Guidelines in general, and also in failing to specifically object to application of 2K2.1(b)(5) in the absence of an affirmative factual finding by the Court of a nexus between the firearm and the other felony offense.

In order to establish ineffective assistance of counsel in the context of a guilty plea, Movant must show (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) that he was prejudiced by counsel's deficient performance – that is, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (internal quotations omitted)); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). "In determining whether counsel's conduct was objectively reasonable, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997) (citing *Strickland*, 466 U.S. at 689) (internal quotations omitted). Both prongs of the test must be satisfied for the claim to succeed, and if a movant fails to make a sufficient showing under one prong, the court need not address the other. *See Strickland*, 466 U.S. at 697.

Even if Movant's allegations are true, they do not establish a claim for ineffective assistance of counsel because Movant cannot demonstrate that he was prejudiced by any of the claimed errors. The plea agreement noted the parties' agreement that a 120-month sentence was a reasonable sentence for the charge to which Movant pled guilty, apart from any applicable enhancement, and that the Court should depart upward to achieve a 120-month sentence if necessary:

> [Movant] agrees that his overall offense conduct was such and his criminal history is such that a sentence of 120 months imprisonment would be a reasonable sentence for his plea of guilty to Count I of the indictment. To this end, [Movant] agrees and the parties recommend that if [Movant's] estimated total offense level falls short of allowing this Court to sentence [Movant] to a term of 120 months imprisonment, this Court should depart upward pursuant to any applicable provisions of U.S.S.G. § 5K2.0 and/or any other provisions of the Guidelines.
>
> Movant] also agrees that a 120 month sentence would, whether accomplished as a result of an upward departure or whether accomplished by applying the estimated total offense level, as outlined above, satisfy the objectives of Title 18, United States Code, § 3553(a).

As such, Movant's contention is, in effect, that counsel was deficient in failing to secure him a sentence less than the 120 months to which he expressly agreed.

Because Movant consented to the agreement under which it was specifically agreed that he would receive a 120-month sentence, and that is the sentence he ultimately received, he cannot show that he would have insisted on proceeding to trial if not for the claimed error(s). *See See Hill*, 474 U.S. at 59; *United States v. Luster*, 2009 WL 3154428, *1 (10th Cir. 2006) (affirming district court's finding that "because the plea was based on a negotiated plea and not the guidelines . . . [movant] couldn't be prejudiced by counsel's putative failure to object to the guideline calculations."). The agreement provided that Movant would receive a 120-month sentence whether accomplished by enhancement provisions or by an upward departure resulting in a non-guideline sentence, in exchange for which Movant avoided being charged with the three additional counts in the indictment and thereby also avoided being sentenced as a career offender. Movant cannot now claim that he was prejudiced in the plea process by counsel's failure to object to an enhancement specifically set forth in the plea agreement.

Furthermore, during the sentencing hearing, Movant's counsel did raise the issue that 2K2.1(b)(5) might not apply, in that the other felony providing grounds for applying the enhancement, possession of cocaine base, would only be chargeable as a misdemeanor because

6

Movant only possessed trace amounts. Counsel noted, however, that even if that were the case, the agreed 120-month sentence was still favorable based on the Government's willingness to dismiss the other three counts charged in the indictment, which would have exposed Movant to a twenty to thirty-year sentence. This acknowledgment is equally applicable to the objection that the requisite factual finding of a nexus between the firearm and the other felony was lacking; even if there was no adequate nexus – a conclusion which seems unlikely based on the stipulated facts in the agreement – the plea agreement remained favorable to Movant based on the dismissal of the other three counts in the indictment.

The Court therefore concludes that Movant cannot demonstrate the prejudice required for his claim of ineffective assistance of counsel, based on counsel's failure to object to the application of certain enhancement provisions during his sentencing, because the plea agreement specifically provided for an upward departure, whether accomplished by U.S.S.G. provisions or through a non-guideline sentence, such that he would receive the 120-month sentence which he ultimately received.

### B. *Excessive Sentence*

Although Movant did not properly assert this ground for relief in his initial Motion, he also claims that he is entitled to relief under § 2255 because his sentence exceeded the 120-month sentence provided by the plea agreement by including an additional two years of supervised release. Movant failed to raise this argument in his direct appeal, however, *see United States v. Carmel*, 277 Fed. App'x. 659, at *1 (8th Cir. 2008) (unpublished disposition), and even assuming that this is a constitutional matter, he has failed to demonstrate that there are any grounds for permitting him to raise this issue for the first time in this Motion under § 2255. *See United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (movant must show either cause for default and

actual prejudice or actual innocence). The plea agreement, moreover, specifically recognized the Court's authority to impose a period of supervised release of up to three years in addition to any sentence of imprisonment, and it further noted that the agreement was not binding on this Court. As such, the Court finds that Movant has not advanced a viable claim for relief under § 2255 in arguing that the Court imposed an excessive sentence.

## IV.  CERTIFICATE OF APPEALABILITY

The Court concludes that Movant has not made a substantial showing of the denial of a constitutional right as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings") (internal citation omitted). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's Motion.

## V.  CONCLUSION

Movant's § 2255 claims are clearly refuted by the record in this case, and therefore an evidentiary hearing is not required on his Motion. The alleged failures of Movant's counsel, taken as true, do not demonstrate that Movant was prejudiced as required to establish a claim for ineffective assistance of counsel. Counsel's failure to object to application of U.S.S.G. 2K2.1(b)(5), in light of the recent Amendment, did not affect the sentence imposed on Movant, and Movant has failed to demonstrate that the outcome of the plea process would have been different but for the claimed errors. His claim that the Court imposed an excessive sentence was defaulted by his failure to raise it on direct appeal, and in any event the plea agreement specifically recognized the possibility that a period of supervised release would follow his imprisonment.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Mark Carmel's Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

Dated this 9th day of April, 2010.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE